**Andrew S. Moses, OSB No. 983009**
E-mail: amoses@gordon-polscer.com
**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone:   (503) 242-2922
Facsimile:    (503) 242-1264

*Attorneys for Plaintiff*
*RLI Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RLI INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES HOLMAN, CANDICE HOLMAN, and HANNAH HOLMAN,<br><br>　　　　　　Defendants. | Case No.  3:23-cv-23-00867<br><br>COMPLAINT<br><br>DECLARATORY RELIEF<br>28 U.S.C. § 2201 |

Plaintiff RLI Insurance Company ("Plaintiff" and/or "RLI") alleges as follows:

**NATURE OF ACTION**

1.

This is an action for declaratory relief, pursuant to Fed. R. Civ. P. 57 and 28 USC § 2201, arising from a dispute between the parties regarding the presence or absence of the existence of a policy of insurance asserted to have been issued by Plaintiff.

/ / /

/ / /

/ / /

**COMPLAINT FOR DECLARATORY RELIEF**　　　　　　　　　　　　　　　　　　　Page 1

## PARTIES

2.

Plaintiff is an Illinois corporation with its principal place of business in Peoria, Illinois.

3.

Upon information and belief, Defendants James Holman and Candice Holman (together the "Holmans") are residents of Oregon.

4.

Upon information and belief, Defendant Hannah Holman ("Hannah") is not a resident of Illinois.

## JURISDICTION AND VENUE

5.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the federal diversity jurisdiction statute.

6.

The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.

Venue is proper in this court under 28 U.S.C. § 1931(b) because Defendants are domiciled in this District, because the events giving rise to the claim occurred in this District, and because the insurance was issued in this District.

/ / /

/ / /

/ / /

## THE UNDERLYING CLAIMS

8.

On or about August 10, 2022, Defendants caused to be submitted to RLI an application for personal umbrella liability insurance. The application is attached as Exhibit 1.

9.

On or about August 10, 2022, Plaintiff sent an email to Defendants indicating it had received information for payment for the applied-for umbrella policy. *See* Exhibit 2. Plaintiff sent a second email that same day indicating that their credit card would not be charged until the application was accepted. *See* Exhibit 3.

10.

On or about August 10, 2022, later in the afternoon from the original emails to the Holmans, Plaintiff sent an email to the Holmans' insurance agent stating their application had not been accepted due to a violation for Hannah from May 17, 2021, that was not disclosed on the application. *See* Exhibit 4.

11.

On or about August 11, 2022, Plaintiff sent a letter to Defendants stating the application had not been accepted and that no policy would be issued. *See* Exhibit 5.

12.

No premium amount was charged to the Defendants for the applied-for umbrella policy.

13.

On or about September 15, 2022, Hannah was involved in an automobile accident in Washington (the "Accident"). In the Accident, the car she was driving struck an individual in the road causing injury to that person.

14.

Upon information and belief, Holmans are asserting that RLI issued an umbrella policy to them that would provide umbrella coverage for liability arising from the Accident and demanding that RLI confirm that Defendants have $5 million in umbrella insurance from RLI. *See* Exhibit 6.

### FIRST CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT- DUTY TO DEFEND OR INDEMNIFY DEFENDANTS)

15.
RLI re-alleges and incorporates by reference all previous paragraphs.

16.

An actual controversy exists between RLI and Defendants relating to whether the Alleged Policy exists, and whether RLI owes a duty to indemnify Defendants against liability arising from the Accident, or a duty to defend any Defendant should a suit be brought against either Hannah or the Holmans by the injured party in the Accident. Specifically, RLI denies any duty to defend or indemnify the Holmans or Hannah because no policy for umbrella insurance was issued by RLI to the Holmans.

17.

Pursuant to 28 U.S.C. § 2201, RLI is entitled to a declaration by this Court that RLI did not issue an umbrella policy to the Homans and therefore has no duty to defend or indemnify any Defendant with respect to the Accident.

/ / /

/ / /

/ / /

WHEREFORE, RLI prays for judgment as follows:

1. A declaration that RLI has no duty to defend or indemnify any Defendant for any claim arising out of the Accident.

2. For such other relief that the Court deems just and proper.

DATED this 14th Day of June, 2023.

Respectfully Submitted:

**GORDON & POLSCER, L.L.C.**

By: *s/ Andrew S. Moses*
Andrew S. Moses, OSB No. 983009
E-mail: amoses@gordon-polscer.com

*Attorneys for Plaintiff*
*RLI Insurance Company*